FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2006 FEB 24  PM 4: 21

LORETTA G. WHYTE
      CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

BENNETT PIERRE                              CIVIL ACTION

VERSUS                                      NUMBER: 04-3540

BURL CAIN                                   SECTION: "N"(5)

### REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. §636(b) and Local Rule 73.2E(A), presently before the Court is the 28 U.S.C. §2254 application for federal habeas corpus relief of petitioner, Bennett Pierre, the State's response thereto, and petitioner's traverse to the State's response. (Rec. docs. 1, 4, 5). Having determined that an evidentiary hearing is not necessary, it is recommended, for the reasons that follow, that Pierre's petition be dismissed with prejudice.

Petitioner Pierre is a state prisoner who is presently incarcerated at the Louisiana State Penitentiary, Angola, Louisiana. On March 17, 1998, Pierre pled guilty to possession of

___ Fee_____
___ Process____
X  Dktd_____
___ CtRmDep___
___ Doc. No._____

between two hundred and four hundred grams of cocaine and was thereupon sentenced to twenty-five years at hard labor. The State subsequently filed a bill of information accusing Pierre of being a habitual offender under LSA-R.S. 15:529.1. Following a formal hearing on the matter, on September 22, 1998, Pierre was adjudicated a fourth felony offender under R.S. 15:529.1 and was resentenced to life imprisonment. When Pierre failed to file a motion for appeal within the five-day period then allowed by LSA-C.Cr.P. Art. 914, his conviction became final at the expiration of that time period, or September 30, 1998.

Although Pierre has been before the state courts on a number of occasions since the date that his conviction became final, only several of those proceedings are pertinent to a resolution of the matter at hand. On February 18, 1999, some one hundred forty days after his conviction had become final, Pierre filed a pro se motion for an out-of-time appeal in the state trial court which was subsequently denied on March 22, 1999. (St. ct. rec., vol. 2 of 3). Pierre appealed the latter ruling to the Louisiana First Circuit Court of Appeal which, on June 18, 1999, granted the writ and remanded the case to the trial court with instructions to treat petitioner's pleadings as an application for post-conviction relief seeking an out-of-time appeal in accordance with the dictates of State v. Counterman, 475 So.2d 336 (La. 1985). State ex rel. Pierre v. State, No. 99-KW-1021 (La. App. 1st Cir. June 18,

1999)(unpublished order). On remand, Pierre was granted an out-of-time appeal as prayed for. Ultimately, however, his conviction and sentence were affirmed by the Louisiana First Circuit on December 28, 2001, State v. Pierre, 810 So.2d 581 (La. App. 1st Cir. 2001)(table), and writs were denied by the Louisiana Supreme Court on October 25, 2002. State v. Pierre, 827 So.2d 1169 (La. 2002). The ninety day period within which Pierre could have applied for writs from the U.S. Supreme Court expired on January 23, 2003. On September 15, 2003, two hundred thirty-three days later, petitioner, through counsel, filed an application for post-conviction relief in the state trial court. That application, and the appeals from it, remained pending before the state courts until October 8, 2004. State ex rel. Pierre v. State, 883 So.2d 1029 (La. 2004). The envelope in which Pierre's federal habeas petition was mailed to the Court was postmarked eighty-one days later on December 29, 2004. (Rec. doc. 1).

In its response to Pierre's habeas petition, the State urges that the petition is untimely under 28 U.S.C. §2244 and that it should be dismissed as such. The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), as codified at §2244(d), generally provides that prisoners like Pierre must file their habeas petitions within one year of the date that their convictions become

final.[1]/ The Court must therefore determine when Pierre's conviction became final for §2244(d) limitation purposes, a task that is made somewhat more complicated based on the fact that petitioner was granted an out-of-time appeal by the state courts. For the reasons that follow, however, the Court finds that the granting of the out-of-time appeal to Pierre did not start the running of the one-year limitation period anew and that his petition should be dismissed as untimely under §2244(d).

---

[1]/ 28 U.S.C. §2244(d) provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run form the latest of -
> (A)  the date on which the judgment became final by the conclusion of direct review of the expiration of the time for seeking such review;
> (B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D)  The date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

4

Under Louisiana law, a defendant's conviction becomes final after the prescribed delay for filing a motion for appeal expires. State v. Counterman, 475 So.2d 336, 338 (La. 1985). In Counterman, the Louisiana Supreme Court observed that "... the appropriate vehicle for a defendant to seek the exercise of his right to appeal, after the delay provided in Article 914 has expired, is an application for post conviction relief pursuant to Articles 924-930.7." Id. at 339. Although the granting of an out-of-time appeal restores a defendant to the midst of direct review for state law purposes, the Fifth Circuit has held that AEDPA's statute of limitations is merely tolled, not "restarted", by such a motion and the subsequent proceedings. Salinas v. Dretke, 354 F.3d 425, 429-30 (5th Cir.), cert. denied, 541 U.S. 1032, 124 S.Ct. 2099 (2004). See also Clark v. Cain, 2005 WL 2304492 at *5-6 (W.D. La. 2005); Soileau v. Cain, 2005 WL 1629945 at *4-6 (W.D. La. 2005); Sims v. Andrews, 2005 WL 1330154 at *4-6 (W.D. La. 2005).

Applying Salinas and its progeny to the matter at hand, Pierre's conviction became final on September 30, 1998 when he failed to file a motion for appeal within the allotted time. At that point, the §2244(d) one-year limitation period commenced running. The limitation period was tolled one hundred forty days latter when Pierre filed his motion for an out-of-time appeal in the trial court. That matter, as well as the direct appeal which resulted from the filing of the motion, remained pending before the

5

state courts until October 25, 2002. When the ninety day period in which Pierre could have sought writs from the U.S. Supreme Court expired and no application therefor was made, the §2244(d) limitation period commenced running again on January 24, 2003. Roberts v. Cockrell, 319 F.3d 690, 694 (5th Cir. 2003). Two hundred thirty-three days later, Pierre filed an application for post-conviction relief in the trial court which remained pending before the state courts and tolled the one-year limitation period until those proceeding were concluded on October 8, 2004. Another eighty-one days passed before Pierre delivered his federal habeas petition to prison officials to be mailed to the Court. Cumulating the foregoing periods of untolled time (i.e., 140 + 233 + 81 = 454), it is obvious that Pierre's federal habeas petition comes too late. As no facts have been presented warranting the application of equitable tolling, a doctrine that applies in rare and exceptional circumstances and principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights, Coleman v. Johnson, 184 F.3d 398, 402 (5th Cir. 1999), it will be recommended that Pierre's petition be dismissed with prejudice.

## **RECOMMENDATION**

For the foregoing reasons, it is recommended that the application for federal habeas corpus relief of Bennett Pierre be dismissed with prejudice.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. Douglass v. United Services Auto. Assoc., 79 F.3d 1415 (5th Cir. 1996)(en banc).

New Orleans, Louisiana, this __24__ day of __Feb__, 2006.

_____
UNITED STATES MAGISTRATE JUDGE